UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD, 1750 Pennsylvania Avenue, NW, Suite 910 Washington, D.C. 20006<br><br>*Defendant*. | Civil Action No. 22-cv-2244<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the U.S. Chemical Safety and Hazard Investigation Board ("CSB") to disclose records requested pursuant to FOIA.

2. On February 26, 2019, Plaintiff sent two FOIA requests seeking records related to CSB's investigation of the accident at the then-ExxonMobil refinery in Torrance, California, involving hydrofluoric acid ("HF"). Plaintiff sought these records to more fully understand the dangers of HF, the details concerning the accident, and the government response to it in CSB's investigation and related activities.

3. To date, Defendant has failed to make a final determination on either of Plaintiff's FOIA requests. In the three and a half years since these requests were filed, the CSB has

provided only partial production in response to the first request and none at all in response to the second request. This complaint seeks to remedy Defendant's failure to respond to these requests within the mandated time period under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E) (FOIA).

## PARTIES

8. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

10. PEER engages in litigation under FOIA in order to obtain documents relevant to its activities concerning environmental protection and PEER's representation of public employees who protect the environment.

11. Defendant, CSB, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

12. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

13. HF is a highly toxic substance used in oil refineries and inherently dangerous to the environment and human health. On February 18, 2015, a gasoline processing unit exploded at the ExxonMobil Refinery in Torrance, CA. As a result, debris was dispersed that resulted in a "near miss" of breaching HF settler tanks and spreading HF into the surrounding community, potentially resulting in injury to thousands of people. CSB conducted an investigation of the accident.

14. On February 26, 2019, Plaintiff filed two FOIA requests concerning this accident and the CSB investigation of it.

15. Specifically, the Plaintiff's first request sought:

> *All transcripts of witness interviews from the CSB ExxonMobil Investigation that mention or discuss any of the following: (a) HF; (b) sulfolane; (c) the alkylation unit at the Torrance Refinery; and (d) an incident at the Torrance Refinery in 1994 involving a release of alkylation unit feed and/or butane explosion…;*

16. The second request contained 12 parts, seeking:

> 1. *All notes compiled by CSB investigators from witness interviews during the CSB ExxonMobil investigation that mention or discuss any of the following: (a) HF; (b) sulfolane; (c) the alkylation unit at the Torrance Refinery; and (d) an incident at the Torrance Refinery in 1994 involving a release of alkylation unit feed and/or butane explosion…;*

2. *All communications and documents from the City of Torrance (including its elected officials, departments, employees, agents, or contractors) received during the course of the CSB ExxonMobil Investigation that mention or discuss any of the following: (a) HF; (b) sulfolane; (c) the alkylation unit at the Torrance Refinery.*

3. *All communications and documents from the Torrance-Mobil Consent Decree Safety Advisor (including Steven Maher, Dr. Geoffrey Kaiser, and/or any associated employee, agent, or contractor) received during the course of the CSB ExxonMobil Investigation;*

4. *All communications and documents from ExxonMobil (including it employees, agents, or contractors) received during the course of the CSB ExxonMobil Investigation that mention or discuss any of the following: (a) HF; (b) sulfolane; and (c) the alkylation unit at the Torrance Refinery;*

5. *All communications and documents from PBF Holding Company LLC ("PBF" including its employees, agents, and contractors) received during the course of the CSB's investigation of the ExxonMobil Refinery Explosion in Torrance, CA, that mention or discuss any of the following: (a) HF; (b) sulfolane; (c) the alkylation unit at the Torrance Refinery.*

6. *All communications and documents received during the course of the CSB's investigation of the ExxonMobil Refinery Explosion in Torrance, CA, that mention or discuss any of the following: (a) HF; (b) sulfolane; (c) the alkylation unit at the Torrance Refinery; and originate from any of the following organizations: the American Petroleum Institute ("API"), American Fuel and Petrochemical Manufacturers ("AFPM"), or the American Chemistry Council ("ACC").*

7. *All records concerning leaks of HF from the Torrance Refinery since 1980.*

8. *All records concerning the efficacy of sulfolane in reducing the hazard from HF releases.*

9. *All communications and documents related to ExxonMobil's internal investigation of the February 18, 2015, explosion at the Torrance Refinery.*

10. *All communications and documents related to claims for compensation or reports of adverse health effects to community members as the result of the February 18, 2015, explosion at the Torrance Refinery.*

11. *All records concerning the weight concentration of sulfolane used during the transport, storage, and in-process use of HF used in the alkylation unit at the Torrance Refinery.*

12. *All communications to or from then CSB Chairperson Vanessa Allen Sutherland and personnel from any of the following entities and organizations (including their employees, contractors, and agents): (a) ExxonMobil, (b) City of Torrance, (c) PBF Holding Company, (d) API, (e) AFPM, (f) ACC.*

17. On March 20, 2019, Plaintiff had not received an acknowledgment or response to the requests and sent an email to CSB enquiring about the status.

18. In a letter to Plaintiff dated March 25, 2019, with the subject line "Re: FOIA Request R19-010 and R19-011," CSB stated that the letter was an "initial response" to those requests that Plaintiff was asking for a "prodigious number of documents," and "the drive holding the ExxonMobil Torrance explosion investigation files [was] currently down." In addition, the principal investigator on the investigation was "deployed." CSB wrote that it would write to Plaintiff again that week with an update on the search. The letter acknowledged that CSB received Plaintiff's request on February 26, 2019.

19. However, there was no update on the search the next week, and no further communications from CSB until over a year later, in May 2020.

20. On May 29, 2020, Plaintiff received a letter from CSB with the subject line "Re: FOIA Request R19-010." The letter referred to a voicemail that CSB left for Plaintiff's counsel on May 5, 2020, stating that CSB would be "releasing the transcripts from the CSB investigation of the 2/18/2015 ExxonMobil Torrance ESP explosion on a rolling basis." The letter came with one witness transcript attached. The letter stated that Plaintiff would be receiving three transcripts every week until all of them had been sent.

21. In a May 2020 telephone communication with Plaintiff's counsel, Defendant's FOIA Officer stated that there was a total of 82 witness transcripts.

22. If the transcripts had been sent at a rate of three per week, it would have taken 28 weeks to produce all 82 transcripts, and all would have been produced by early 2021. This did not occur.

23. Instead, between May 29, 2020, and March 7, 2022, Plaintiff received 44 witness transcripts.

24. The remaining 38 witness transcripts have yet to be produced.

25. In an email to the CSB FOIA officer on October 4, 2021, concerning a different FOIA request, Plaintiff's counsel noted that in 2 ½ years, PEER had only received about 30 transcripts in response to R19-010, and the production appeared to have stopped in June 2021.

26. Defendant's FOIA Officer responded on October 4, 2021, stating, "I appreciate your patience, and will prioritize your FOIA requests going forward," and that she would be discussing with her supervisor what could be done to address CSB's FOIA staffing shortages, and that the transcript release would proceed.

27. Since October 2021, Plaintiff has received approximately 14 more witness transcripts, the latest being on March 7, 2022.

28. With regard to the second 12-part request, R19-011, no responsive records at all have been produced and there have been no updates on the status of this request since March 25, 2018.

29. There has not been full production or a final determination on either request.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

30. Plaintiff incorporates the allegations in the preceding paragraphs.

31. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

32. FOIA obligates agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

33. Thirty working days from February 26, 2019, was April 9, 2019. As of the date of this filing, Plaintiff has not received a final determination on either of its two FOIA requests.

34. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its February 26, 2019, FOIA requests, Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

35. Defendant's conduct amounts to a denial of Plaintiff's FOIA requests. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding CSB activities.

36. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

37. Defendant's failure to disclose the records requested under Request No. R19-010 and R19-011 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 29, 2022,

   /s/ Paula Dinerstein
Paula Dinerstein, D.C. Bar. No. 333971
Colleen E. Teubner, N.Y. Bar No. 5761697 (pending local admission)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*